**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 21-52632 |
| | Adv. No. |
| **JODI S. ADKINS** | Ch. 7 |
| | |
| **Debtor.** | |
| | Judge Mina Nami Khorrami |

---

| | |
|---|---|
| **JODI S. ADKINS** | |
| 1268 Lockbourne Rd. | |
| Columbus, OH 43206 | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| **U.S. DEPT. OF EDUCATION** | |
| 400 Maryland Ave., SW | |
| Washington, D.C. 20202 | |
| | |
| | |
| **PENNSYLVANIA HIGHER** | |
| **EDUCATION ASSISTANCE AGENCY,** | |
| **D/B/A FEDLOAN SERVICING** | |
| 1200 N 7th St | |
| Harrisburg, PA 17102 | |
| | |
| Defendants. | |

1

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF INDEBTEDNESS UNDER 11 U.S.C. §523(a)(8)

Now comes Plaintiff Jodi Adkins, by and through counsel, and in support of her complaint to determine the dischargeability of student loan debt pursuant to 11 U.S.C. § 523(a)(8), states as follows:

### NATURE OF THE ACTION

1.      This is an adversary proceeding in which Ms. Adkins is seeking a determination that the repayment of her student loan debts would impose an undue hardship on her and that the debts therefore are dischargeable under 11 U.S.C. § 523(a)(8).

### JURISDICTION AND PARTIES

2.      Ms. Adkins is an individual who resides in Franklin County, Columbus, Ohio and filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code.

3.      Defendant United States Department of Education is an executive agency of the United States Government.

4.      Defendant Pennsylvania Higher Education Assistance Agency, d/b/a/ FedLoan Servicing ("FedLoan Servicing"), is a body corporate and politic constituting a public corporation and government instrumentality created pursuant to an act of the Pennsylvania Legislature.  Its enabling legislation authorizes FedLoan Servicing to undertake the servicing of loans made by the United States Department of Education, and FedLoan Servicing is an official servicer of United States Department of Education student loans.  It is headquartered in Harrisburg, Pennsylvania.

5.      This Court has jurisdiction over the subject matter of Ms. Adkins's claims under 28 U.S.C. § 1334 and 28 U.S.C. § 157(c)(2).

6.      This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## STATEMENT OF FACTS

**A.      Introduction to Ms. Adkins**

8.      Ms. Adkins is a 56-year-old single mother who resides in Columbus, Ohio with her three children, ages 14, 17, and 19.

9.      Ms. Adkins has multiple physical conditions that limit her ability to work.

10.      Ms. Adkins has been diagnosed with multiple major heart arrhythmias since her late twenties. Over time, the arrhythmias have weakened her heart, causing her to experience lasting episodes of atrial fibrillation (A-Fib). Because she has been in A-Fib for a long period of time, this has caused her to go into heart failure within the last two years. As a result of the heart failure, she experiences swelling in her legs, shortness of breath, and dizziness. Often when this occurs, she needs to lie down and rest.

11.      Ms. Adkins also suffers from hypertension.

12.      Five years ago, Ms. Adkins was in a car accident and suffers from chronic back and hip pain as a result.

13.      In addition to her physical conditions, throughout her life, Ms. Adkins has battled various mental illnesses. She has been diagnosed with extreme anxiety, OCD, depression, and bi-polar disorder. These illnesses have impaired her ability to work over the years, even with medication.

14.      In 2013, after she took out the initial loans, Ms. Adkins' husband abruptly quit his job and moved to North Carolina, leaving her to raise three small children on her own. He had been the primary wage earner in the household, and she was unable to keep up with a mortgage and car payment after he left. The house Ms. Adkins and her children were living in was eventually

3

foreclosed on in 2015, and their belongings were set out by the sheriff. The family was homeless for a period of time.

15.     Ms. Adkins' life is much different now than it had when she initially took out the student loans. She is unable to afford basic living expenses for her and her children and continues to struggle to hold down a job where she can earn enough income to pay her rent, provide for her children, and sustain a minimal standard of living.

**B.     Educational History**

16.     Ms. Adkins has not graduated from high school, nor has she ever received a GED.

17.     In Spring of 2012, Ms. Adkins enrolled in Columbus State Community College. Columbus State allowed her to enroll, despite not having a high school degree or receiving a GED. Ms. Adkins attended Columbus State for only one semester.

18.     After Columbus State, Ms. Adkins enrolled at Central Ohio Technological College for one semester in 2012. Central Ohio Technological College again allowed her to enroll without a high school degree or a GED.

19.     For the 2013 to 2014 academic year, Ms. Adkins attended the University of Phoenix online.

20.     In the fall of 2016, Ms. Adkins attended American Public University for one semester.

21.     At each school, Ms. Adkins took only introductory classes. She did not graduate and did not receive a degree of any kind.

22.     Ms. Adkins has the following federal student loans serviced by FedLoan Servicing that are all currently in forbearance:

- $ 2,699 – Acc. # 9105829481FD00001.
- $ 3,654 – Acc. # 9105829481FD00002.

4

- $ 1,372 – Acc. # 9105829481FD00003.
- $ 1,121 – Acc. # 9105829481FD00004.
- $ 357 – Acc. # 9105829481FD00005.
- $ 902 – Acc. # 9105829481FD00007.
- $ 838 – Acc. # 9105829481FD00008.

**C.     Employment History**

23.     Ms. Adkins' heart condition greatly limits her ability to work. She is unable to do manual labor and becomes out of breath quickly. Additionally, she needs to rest frequently throughout the day and take extra breaks.

24.     While she cannot perform strenuous tasks or manual labor of any kind, Ms. Adkins has been able to obtain part-time employment as a remote customer service representative. She has an intermittent FMLA accommodation that allows her to miss up to five days per month while maintaining her employment.

25.     According to her tax returns, Ms. Adkins earned $23,449 in 2011; $21,075 in 2012; $17,191 in 2013; $18,500 in 2014; $18,150 in 2015; $18,380 in 2016; $18,548 in 2017; $13,028 in 2018; $16,677 in 2019; and $15,277 in 2020. As of the date she filed her Chapter 7 petition, Ms. Adkins had earned $5984 for calendar year 2021.

26.     As a customer service representative, Ms. Adkins makes $15.23/hour, with an average gross monthly salary of $716. With food stamps and the temporary assistance of the monthly Earned Income Child Tax Credit, she is just barely able to afford her family's already meager monthly living expenses. Absent congressional action, the tax credit will sunset in December 2021.

27.     Unfortunately, she contracted COVID-19 in early September and was hospitalized for eight days.  She had to take off work entirely for five weeks and since returning has been unable to resume her normal hours due to continuing medical issues.

**D.     Loan Repayment History**

28.     Since initially taking out the student loans, Ms. Adkins has been unable to afford to pay them. Nonetheless, Ms. Adkins has made a good faith effort to repay her loans. She applied for an income driven repayment plan, called REPAYE (revised pay as you earn). She has not, however, been able to afford even the REPAYE payment, and the loans are currently in forbearance due to the pandemic.

## COUNT I

**Declaratory Judgment of Dischargeability under 11 U.S.C. 523(a)(8)**

29.     Ms. Adkins repeats and realleges the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herin.

30.     Section 523(a)(8) of the Bankruptcy Code states that "a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt unless . . . excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution."

31.     Since she never finished school, Ms. Adkins has not benefitted from her student loans. Ms. Adkins' work barely enables her to maintain a minimal standard of living, and based upon her permanent mental and physical impairments, she will never be able to pay her loans.

32.     Ms. Adkins does not have a high school degree, yet alone a college degree.  There is no reasonable expectation for a substantial increase in Ms. Adkins' income, as evidenced by a decade of stagnant wages living with her impairments.

33.     An actual present and justifiable controversy has arisen between Ms. Adkins and

the Defendants regarding the dischargeability of Ms. Adkins' student loans.

34.     Ms. Adkins meets the standard of undue hardship and her student loans should be

discharged.

## CLAIM FOR RELIEF

Accordingly, Plaintiff respectfully requests that the Court enter a judgment in favor of

Plaintiff and against Defendants on the Complaint:

a.  Declaring the loans dischargeable pursuant to section 523(a)(8) of the Bankruptcy
    Code;

b.  Granting such other relief that the Court finds just and proper.


Respectfully submitted,

**THE LEGAL AID SOCIETY OF COLUMBUS**

*/s/ Melissa B. Linville*
Melissa Baker Linville (0088163)
1108 City Park Avenue
Columbus, OH 43206
614.224.8374
614.224.4514 (fax)
mlinville@columbuslegalaid.org

**ICE MILLER LLP**

John C. Cannizzaro (0085161)
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Facsimile: (614) 232-6923
Email: john.cannizzaro@icemiller.com

Attorneys for Plaintiff Jodi Adkins