UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                                              )
                                                    )
**Jodi S. Adkins**,                                 )    Case No. 21-52632
                                                    )    Chapter 7
      Debtor.                                      )    Judge Nami Khorrami
                                                    )

_____

**Jodi S. Adkins**,                                 )
                                                    )    Adv. Pro. No. 21-2062
      Plaintiff,                                   )
v.                                                  )
                                                    )
**US Department of Education, et al**,              )
                                                    )
      Defendants.                                  )

_____

## JOINT PRELIMINARY PRETRIAL STATEMENT

      This is the preliminary pretrial statement of Defendant United States of America, on behalf of the United States Department of Education ("Defendant") and Plaintiff Jodi Adkins ("Plaintiff")

I.    Appearances:

The trial attorney for Defendant shall be Bethany J. Hamilton, who is admitted to practice before this Court.

The trial attorneys for Plaintiff shall be Melissa Linville and John Cannizzaro, who are admitted to practice before this Court.

II.    Nature of Action, Jurisdiction and Venue:

    A.    This is an action to determine the dischargeability of student loan debt and is brought pursuant to 11 U.S.C. § 523(a)(8).

    B.    Jurisdiction of this Court is not disputed and is invoked under 28 U.S.C. §§ 157(b)(2)(I) and 1334.

1

  C.  Venue of this Court is proper.

  D.  This action is a core proceeding.

  E.  Consent is given for the bankruptcy judge to enter final orders and judgments.

  F.  If this is a core proceeding, such allegation is based upon 28 U.S.C. § 157(b)(2)(I).

  G.  Are any of the following motions filed or to be filed:

|   |   | Yes | No |
|---|---|---|---|
| 1. | Abstention |  | X |
| 2. | Remand |  | X |
| 3. | Withdrawal of the Reference |  | X |

  H.  If a jury demand has been timely filed, consent is not given for trial by jury by the bankruptcy judge.

III. Statement of the Case:

**Defendant**: The evidence will show that Debtor fails to meet the undue hardship standard set forth in *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir. 1987) in order to have this Court find her student loans dischargeable.

**Plaintiff**: The evidence will show that Debtor has met the undue hardship standard set forth in *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir. 1987) such that this Court should find her student loans dischargeable.

IV. Amendments/Motions: (check one)

__X__ (a) The attorney states that all amendments to pleadings and all pretrial motions, including all motions listed above, and all motions pursuant to Bankruptcy Rule 7012 and Bankruptcy Rule 7056, or motions which convert to a motion under Bankruptcy Rule 7056, have been filed, or

_____ (b) If all amendments and pretrial motions have not been filed, the attorney states that the following amendments and motions are contemplated; (list or attach as an exhibit the specific amendments and motions and the proposed date(s) by which such will be filed.)

V. Issues of Fact and Law:

2

4861-7451-1636.1

A. The contested issues of fact are:

1. Whether the Debtor can maintain, based on current income and expenses, a minimal standard of living for herself if she repaid the loans.

2. Whether additional circumstances exist indicating that this state of affairs is likely to continue for a significant portion of the repayment period of the student loans.

3. Whether the Debtor has made a good faith effort to repay the loan.

B. The contested issues of law are:

1. Whether Debtor has met the standard set forth in *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395 establishing repayment of her loans are an undue hardship.

2. Whether the Debtor can demonstrate undue hardship as that term is interpreted for purposes of 11 U.S.C. § 523(a)(8).

VI. Discovery:

A. Initial Disclosures.

Initial disclosures required by Civil Rule 26(a)(1) have been sent by Defendant. Plaintiff is preparing to submit its initial disclosures and additional evidence to Defendant (see Settlement below).

B. Civil Rule 26(f) Conference.

The parties conducted the Rule 26(f) conference on February 23, 2022.

C. Discovery Plan.

In compliance with Civil Rule 26(f), the following constitutes the parties' discovery plan (use separate paragraphs or subparagraphs if parties disagree):

(a) Discovery will be needed on the following subjects: (brief description of subjects on which discovery will be needed)

**Defendant**: Information regarding the Debtor's financial condition including attempts to secure employment and any relevant health conditions preventing employment. Facts supporting Debtor's claim of undue hardship, including

3

    Debtor's past, present, and future financial condition.  USDE will also need any information regarding Debtor's attempts to repay her student loan debt, including working with the creditor to negotiate a repayment plan or hardship determination.

    **Plaintiff**:   Information regarding Debtor's loan documentation, payment history, and file with USDE.

    (b) All discovery commenced in time to be completed by July 31, 2022.

    (c) Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]

    (d) Maximum of 75 requests for admission by each party to any other party. [Responses due 30 days after service.]

    (e) Maximum of 1 deposition by plaintiff(s) and 1 by defendant(s).

    (f) Each deposition limited to maximum of 1 day or 7 hours unless extended by agreement of parties.

    (g) Reports from retained experts under Rule 26(a)(2) due: None anticipated.

    (h) Supplementations under Rule 26(e) due 30 days before trial.

  (D) Other Agreed Upon Items. [Use separate paragraphs or subparagraphs as necessary if parties disagree.]

    (a) No additional parties appear necessary to resolve issue of its loans with Plaintiff.

    (b) All potentially dispositive motions should be filed by August 31, 2022.

    (c) Plaintiff and Defendant are amenable to mediation under Rule 9019-2 of the Local Bankruptcy Rules at the appropriate time.

    (d) The proceeding should be ready for trial by September 30, 2022 and at this time is expected to take approximately 4 hours.

VII. <u>Stipulations</u>:

  The parties have not entered into written stipulations at this time.

VIII. <u>Miscellaneous Matters</u>:

    A.    Settlement

        1.    No litigant is required to settle this proceeding; however, all litigants are required to engage in good faith settlement efforts which shall consist of at least one offer and one counteroffer by a party authorized to settle this proceeding. Without disclosing the contents of any settlement efforts, all parties shall set forth below: (a) the date(s) such settlement efforts were conducted, (b) the method(s) of communication employed and (c) the result(s) obtained:

At the 26(f) conference, Defendant requested certain documents from Plaintiff in an effort to further settlement discussions. Plaintiff represented they will work to assist in these settlement discussions prior to engaging in formal discovery.

        2.    Any settlement which occurs prior to the trial date shall be communicated promptly to the judge's courtroom deputy. Failure to make such communication may result in the imposition of costs.

    B.    Pretrial Conference. The Court will order a pretrial conference if review of the Preliminary Pretrial Statement makes such appear necessary. If the Court does not order such a pretrial conference, does the attorney specifically request a pretrial conference? If so, why?

Plaintiff and Defendant believe that a pretrial conference would assist in resolving this matter.

    C.    Other Matters. Counsel advises the Court of the following miscellaneous matters that will aid the Court in preparation of the case for trial.

The parties request that they be permitted 60 days to try to settle this matter before a trial date is set. They ask that the Court set a second pretrial conference in 60 days at which time the parties can report if settlement is possible or if a trial on the matter is necessary.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

/s/ Bethany J. Hamilton
Bethany J. Hamilton (0075139)

4861-7451-1636.1

Assistant United States Attorney
303 Marconi Blvd., Ste. 200
Columbus, Ohio 43215
(614) 469-5715
Fax (614) 469-5240
e-Mail: bethany.hamilton@usdoj.gov
Attorneys for Defendant


/s/ Melissa Baker Linville
MELISSA BAKER LINVILLE (0088163)
The Legal Aid Society of Columbus
1108 City Park Avenue
Columbus, OH 43206
614.224.8374 / 614.224.4514 (fax)
Email: mlinville@columbuslegalaid.org
Attorney for Plaintiff


/s/ JohnC. Cannizzaro
JOHN C. CANNIZZARO (0085161)
Ice Miller LLP
250 West Street, Suite 700
Columbus, Ohio 43215
p 614-462-1070 f 614-232-6923
email: john.cannizzaro@icemiller.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on <u>March 10, 2022</u>, service of the foregoing was made by electronic filing with the Clerk of the United States Bankruptcy Court, using the CM/ECF system, which will send notification of such filing to the parties listed below:

Melissa Baker Linville, Attorney for Plaintiff

John C. Cannizzaro, Attorney for Plaintiff

/s/ Bethany J. Hamilton
BETHANY J. HAMILTON (0075139)
Assistant United States Attorney
Email: bethany.hamilton@usdoj.gov

4861-7451-1636.1