**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Mina Nami Khorrami
United States Bankruptcy Judge

**Dated: March 17, 2022**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re*: | : | |
| | : | Case No. 21-52632 |
| Jodi S. Adkins | : | Chapter 7 |
| | : | Judge Nami Khorrami |
| *Debtor* | : | |
| | : | |

| | | |
|---|---|---|
| | : | |
| Jodi S. Adkins | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | Adv. Pro No. 21-2062 |
| | : | |
| US Department of Education, et al. | : | |
| | : | |
| *Defendants* | : | |

## PRETRIAL SCHEDULING ORDER FOLLOWING SUBMISSION OF JOINT PRETRIAL STATEMENT

This adversary proceeding came before the Court upon the parties' Joint Preliminary Pretrial Statement (Doc. 15) on March 10, 2022. Based upon the representations made by counsel and in consideration of the matters set forth in Fed. R. Civ. P. 16 (made applicable here by Fed. R. Bankr. P. 7016), and in order to expeditiously and efficiently prepare for trial, the Court directs the parties to comply with the requirements set forth below.

### I. JURISDICTION, ABSTENTION AND WITHDRAWAL OF REFERENCE

This matter arises under 28 U.S.C. § 1334(b) in this case referred to the Court by the standing order of reference entered in this district on September 16, 2016 (U.S. District Court, Southern District of Ohio, Amended General Order No. 05-02) and is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2). No motion requesting withdrawal of the reference pursuant to 28 U.S.C. § 157(d), nor abstention pursuant to 28 U.S.C. § 1334(c)(2), has been filed, and the parties have indicated they do not intend to file any motion for abstention or withdrawal of reference.  Thus, no subsequently filed motion of a party requesting abstention or withdrawal of reference shall be considered timely.

### II. APPLICABLE RULES

This proceeding shall be subject to: (1) Part VII of the Federal Rules of Bankruptcy Procedure, which incorporates portions of the Federal Rules of Civil Procedure; (2) the Local Bankruptcy Rules; and (3) the Federal Rules of Evidence. Parties who are not represented by counsel (pro se parties) shall be held responsible for knowledge of and compliance with all applicable rules and provisions of this order. References in this order to "counsel" shall also apply to parties appearing pro se.

### III. AMENDMENT OF PLEADINGS AND JOINDER OF ADDITIONAL PARTIES

The parties indicate that all amendments to pleadings have been filed, and that no additional parties need to be joined to this action.

### IV. DISCOVERY

The discovery cut-off date and the cut-off date for the filing of all motions related to discovery in this proceeding is established as **August 1, 2022**. Parties may continue discovery by agreement beyond the cut-off date, but no motions directed to discovery will be entertained by the Court after **August 1, 2022**. Counsel are ordered to cooperate with each other in all discovery matters. Failure to cooperate in discovery or to timely comply with discovery requests in accordance with the provisions of the applicable Rules of Bankruptcy Procedure and Local

Bankruptcy Rules governing discovery may result in the imposition of sanctions pursuant to Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37.

The parties have agreed to, and the Court hereby Orders, the following parameters regarding discovery:

(a) All discovery commenced in time to be completed by August 1, 2022.
(b) Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]
(c) Maximum of 75 requests for admission by each party to any other party. [Responses due 30 days after service.]
(d) Maximum of 1 deposition by plaintiff(s) and 1 by defendant(s).
(e) Each deposition limited to maximum of 1 day or 7 hours unless extended by agreement of parties.
(f) Supplementations under Rule 26(e) due 30 days before trial.

## V.  STIPULATIONS AND DISPOSITIVE MOTIONS

The deadline for filing dispositive motions in this matter is **September 1, 2022**. A response to any dispositive motion shall be filed by **September 15, 2022,** and any reply to the response shall be filed by **September 22, 2022**.

Any motion for summary judgment shall contain a "Statement of Material Facts." The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact as to which the moving party contends there exists no genuine issue. Each fact listed must be supported by a specific citation to the record. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions, and affidavits. It does not, however, include attorney's affidavits. Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in denial of the motion.

The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's factual assertions in matching numbered paragraphs. Each denial must be supported by a specific citation to the record. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

## VI.  EXTENSIONS OF TIME

All motions for extension of time shall include a certification that the movant has attempted in good faith to obtain an agreement from the opposing party. The 21-day response period generally applicable to all motions and applications (see LBR 9013-1(b)) shall not apply to motions for an extension of time. Responses to such motions shall be made as quickly as possible.

## VII.  SETTLEMENT

If this matter is settled or otherwise resolved, counsel shall immediately advise the Court by email: OHSB_NamiKhorrami_Resolutions@ohsb.uscourts.gov. To remove this case from the Court's trial calendar, counsel shall file a proposed judgment entry providing for complete resolution of all issues prior to the time scheduled for trial, or shall advise the Court, in writing, of the date by which a judgment entry will be submitted to the Court. Unless otherwise ordered by the Court, the judgment entry shall be submitted not later than seven (7) days following the trial date. Failure to timely submit the judgment entry may result in dismissal of the proceeding, a grant of default judgment, or entry of such other orders as may be appropriate. Failure to timely inform the Court of settlement may result in imposition of sanctions.

## VIII.  PRETRIAL CONFERENCE

A telephonic pretrial conference will be held on **May 23, 2022 at 1:00 p.m.**  To participate in the hearing, parties should call 888−557−8511 and use access code 8042212. Parties should consult the Courts website at https://www.ohsb.uscourts.gov/judge-nami-khorrami-policies-and-procedures for further instructions on participation in the hearing. Please call in not later than 5 minutes prior to the scheduled hearing time.  Please contact the Courtroom Deputy at 614-469-2053 with any questions.

## IX.  TRIAL DATE

At this time, no trial date has been set.

## X.  OTHER

This order may **not** be modified by agreement of the parties. Upon timely application, however, either or both parties may seek modification in order to meet a bona fide emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.

Failure to comply with the terms of this order may result in the imposition of sanctions.

**SO ORDERED**.

Copies to:

Melissa Baker Linville
John C. Cannizzaro
Bethany Hamilton